UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| OLEN E. HUTCHISON, | ) | |
| --- | --- | --- |
| *Petitioner*, | ) | |
| v. | ) | No. 3:98-cv-664 |
| | ) | *Greer* |
| RICKY BELL, Warden, | ) | |
| *Respondent*. | ) | |

**MEMORANDUM**

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254; the petitioner is presently incarcerated on death row. The matter is before the court on remand from the Sixth Circuit to consider petitioner's motion for relief from judgment and on respondent's motion to ascertain status of the case. For the following reasons, the motion to ascertain status [Court File No. 98] will be **GRANTED** to the extent the petitioner's motion for relief from judgment will be **DENIED** and this action will be **DISMISSED**.

I.   Factual and Procedural Background

Petitioner was convicted in the Circuit Court for Campbell County, Tennessee, of first degree murder, solicitation to commit first degree murder, and conspiracy to take a life. He was sentenced to death and to 22 years in prison. The case involved the murder of Hugh

Huddleston by petitioner's co-conspirators so that petitioner could collect on a large insurance policy he purchased on Huddleston's life.

Petitioner's convictions and sentence were affirmed on direct appeal, *State v. Hutchison*, 898 S.W.2d 161 (Tenn. 1994), *cert. denied*, 516 U.S. 846 (1995), and he was denied State post-conviction relief, *Hutchison v. State*, No. 03C01-9601-CC-00033, 1997 WL 607502 (Tenn. Crim. App. Oct. 3, 1997), *perm. app. denied, id.* (Tenn. April 27, 1998), *cert. denied*, 525 U.S. 904 (1998); *Hutchison v. State*, No. 03C01-9702-CR-00065, 1997 WL 776342 (Tenn. Crim. App. Dec. 18, 1997), *perm. app. denied, id.* (Tenn. Jan. 4, 1999). Petitioner then filed a federal habeas corpus petition, which was denied when the court granted the respondent's motion for summary judgment. The Sixth Circuit affirmed the denial of habeas corpus relief. *Hutchison v. Bell*, 303 F.3d 720 (6th Cir. 2002), *cert. denied*, 539 U.S. 944 (2003).

Among the claims raised in the federal habeas corpus petition were the following: (1) the State improperly withheld exculpatory and impeachment evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (2) the aggravating circumstance of murder for remuneration and the corresponding jury instruction were unconstitutionally applied in this case; and (3) the jury was unconstitutionally instructed that mitigating factors had to be found unanimously, in violation of *Mills v. Maryland*, 486 U.S. 367 (1988). In granting summary judgment, the court determined that the first two claims were procedurally defaulted and that the third claim lacked merit.

Petitioner subsequently filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and raised the following claims: (1) the government committed fraud upon the district court and, were it not for that fraud, the court would not have found the *Brady* claim procedurally barred; (2) pursuant to the retroactive effect of Rule 39 of the Tennessee Supreme Court Rules, the aggravating circumstance claim is no longer procedurally barred; and (3) recent Sixth Circuit case law calls into question the finding that the *Mills* claim lacked merit.

This court transferred the Rule 60(b) motion to the Sixth Circuit under then-controlling case law which held that such a motion should be treated as a second or successive habeas petition which cannot be filed in the district court without prior authorization from the court of appeals. Petitioner then filed in the Sixth Circuit a motion to retransfer the case to the district court to determine whether he filed a proper Rule 60(b) motion in light of *Gonzalez v. Crosby*, 545 U.S. 524, 532 & n.5 (2005) (if a Rule 60(b) motion does not assert new claims for habeas corpus relief nor attack a previous resolution of a claim on the merits, but rather asks the court to reconsider claims previously asserted based upon "some defect in the integrity of the federal habeas proceedings" such as fraud on the court or improper procedural default, the motion does not constitute a second or successive habeas corpus petition).[1]

---

[1] Of interest, but not pertinent to the resolution in this case, is the following: The Sixth Circuit initially held this case in abeyance pending resolution of *In re Abdur'Rahman*, 392 F.3d 174 (6th Cir. 2004) (en banc), *vacated sub nom. Bell v. Abdur'Rahman*, 545 U.S. 1151 (2005).

The Sixth Circuit granted petitioner's motion to retransfer the pending case and remanded the matter to this court "for a determination, in the first instance, of whether petitioner's Rule 60(b) motion can be considered a proper Rule 60(b) motion in light of the Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524 (2005)." *In re Olen E. Hutchison*, No. 04-5066 (6th Cir. August 28, 2007), slip op. at 3 [Court File No. 91, Order].

In his motion to ascertain status, respondent admits that petitioner's first two claims are proper Rule 60(b) claims but contends they lack merit. He denies the third claim is a proper Rule 60(b) claim but rather is a second or successive claim that cannot be raised in the district court without permission from the Sixth Circuit.

II.  Discussion

---

On July 13, 2007, the Sixth Circuit decided *Abdur'Rahman* and held that Abdur'Rahman's post-judgment motion should be treated as a Rule 60(b)(1) motion, not a second or successive habeas petition, and should be dismissed as untimely because it was not filed within one year of the district court's judgment denying habeas corpus relief; on October 19, 2007, the Sixth Circuit granted rehearing en banc and vacated its July 13 opinion. *Abdur'Rahman v. Bell*, 493 F.3d 738 (6th Cir. July 13, 2007), *reh'g en banc granted, opinion vacated* (Oct. 19, 2007). On January 18, 2008, the Sixth Circuit "issued an order finding that the Petitioner's Motion 'was timely made pursuant to Fed. R. Civ. P. 60(b)(6) rather than a second or successive habeas corpus petition,'" and remanded the case for the district court to determine whether the motion should be granted. *Abdur-Rahman v. Bell*, No. 3:96-cv-0380, 2008 WL 2002572 at *3 (M.D. Tenn. May 7, 2008) (memorandum granting Rule 60(b) motion and ordering supplemental briefing).

After its July 13, 2007, decision, but prior to vacating that decision on October 19, 2007, the Sixth Circuit granted petitioner Hutchison's motion to retransfer the pending case and remanded the matter to this court.

4

### A. Brady Claims

This court previously determined that petitioner's claims that the prosecution withheld exculpatory and impeachment evidence in violation of *Brady* were procedurally defaulted because the claims were either not presented to the state courts at all or were raised in a second post-conviction petition. [Court File No. 56, Memorandum Opinion, pp. 49-57]. Petitioner now claims in his motion for relief from judgment that recently discovered fraud upon the court excuses his procedural default and thus the court should consider these claims.

The respondent admits that this claim is a proper Rule 60(b) motion claim but that it lacks merit. The respondent further contends that, in any event, the Sixth Circuit already rejected petitioner's *Brady* claims on the merits and thus petitioner would not be entitled to relief even if the claims were not procedurally defaulted. This court agrees with the respondent. The Sixth Circuit considered and rejected petitioner's *Brady* claims. *See Hutchison v. Bell*, 303 F.3d at 741-47 (the allegedly suppressed evidence was not material for *Brady* purposes). Accordingly, petitioner is not entitled to relief on his Rule 60(b) motion in this regard.

### B. Aggravating Circumstance / Jury Instruction Claim

During the penalty phase of petitioner's trial, the jury found the following aggravating circumstance: that he "'employed another to commit the murder for remuneration or the

promise of remuneration.'" *State v. Hutchison*, 898 S.W.2d at 175 (Reid, J., dissenting) (quoting Tenn. Code. Ann. § 39-13-204 (i)(4)).

This court determined that the following claim with subparts in petitioner's habeas corpus petition was never presented by petitioner to the Tennessee Supreme Court and thus was barred from federal habeas corpus review:

> 36. The "murder for hire" aggravating circumstance and corresponding jury instruction, fail to meaningfully narrow the call [sic] of defendants eligible for the death penalty.
>
>   a. The application of this aggravating circumstance violated petitioner's Eighth and Fourteenth Amendment rights because it applied automatically once the jury had convicted petitioner.
>   b. This factor did not "genuinely narrow the class of persons eligible for the death penalty", therefore the sentencing process was unreliable.
>   c. Harmless error/re-weighing cannot apply where the sole aggravating factor is invalid.
>   d. "Murder for hire" is unconstitutionally applied where the death penalty is imposed for felony murder.

[Court File No. 56, Memorandum Opinion, pp. 25-26 (paraphrasing petitioner's habeas petition)]. Petitioner now claims that the procedural bar to this claim was removed by Rule 39 of the Rules of the Tennessee Supreme Court.

In the past, the required state court review to exhaust state remedies included review by the Tennessee Supreme Court. *Picard v. Connor*, 404 U.S. 270 (1971). After the dismissal of petition's habeas corpus petition, the Tennessee Supreme Court on June 28, 2001, promulgated Rule 39, which provides in pertinent part:

> In all appeals from criminal convictions or post-conviction relief matters from and after July 1, 1967, a litigant shall not be required to petition

for rehearing or to file an application for permission to appeal to the Supreme Court of Tennessee following an adverse decision of the Court of Criminal Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when the claim has been presented to the Court of Criminal Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies available for that claim.

Tenn. Sup. Ct. R. 39.

In *Adams v. Holland*, 330 F.3d 398 (6th Cir. 2003), *cert. denied*, 541 U.S. 956 (2004), the Sixth Circuit held "that Rule 39 rendered Tennessee Supreme Court review 'unavailable' in the context of habeas relief." The Sixth Circuit also held that Rule 39 was not a change in Tennessee law, but only a clarification of existing law, and thus should be applied retroactively so as to prevent procedural default. Accordingly, petitioner submits that this court should now consider his claim as to the "murder for hire" aggravating circumstance and related jury instruction. The respondent admits that this claim is a proper Rule 60(b) motion claim but contends that the claim lacks merit.

The court notes at the outset that petitioner raised his "murder for hire" aggravating circumstance claim in his first state petition for post-conviction relief. [Court File No. 25, Notice of Filing of Documents, Addendum 16, Technical Record on Appeal from Denial of Post-Conviction Relief, pp. 2-11, Petition for Post-Conviction Relief at 4-5]. Petitioner did not, however, preserve the claim on appeal to the Tennessee Court of Criminal Appeals. [*Id*., Addendum 19, Brief of Appellant, pp. 1-92]. Thus, Rule 39 is irrelevant in this case.

Nevertheless, petitioner contends that "[t]o the extent that this issue was inadequately preserved by trial counsel and/or inadequately raised by appellate counsel, Petitioner was

7

denied effective assistance of counsel." [Court File No. 17, Amended Habeas Corpus Petition, p. 47]. In any event, the claim lacks merit.

In *Lowenfield v. Phelps*, 484 U.S. 231 (1988), the Supreme Court held that a death sentence was not invalid on the ground that the sole aggravating circumstance was identical to an element of the underlying offense of first degree murder. The Court first enunciated the constitutional requirement.

> To pass constitutional muster, a capital sentencing scheme must "genuinely narrow the class of persons eligible for the death penalty and must reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty of murder." Under the capital sentencing laws of most States, the jury is required during the sentencing phase to find at least one aggravating circumstance before it may impose death. By doing so, the jury narrows the class of persons eligible for the death penalty according to an objective legislative definition.

*Id*. at 244 (quoting *Zant v. Stephens*, 462 U.S. 862, 877 (1983)) (internal citations omitted). The Court then noted:

> The use of "aggravating circumstances" is not an end in itself, but a means of genuinely narrowing the class of death-eligible persons and thereby channeling the jury's discretion. We see no reason why this narrowing function may not be performed by jury findings at either the sentencing phase of the trial or the guilt phase.

*Id*. at 244-45. The Court concluded that the petitioner's death sentence was constitutional, despite the fact that the aggravating circumstance found by the jury during sentencing was identical to an element of the underlying murder conviction.

> Here, the "narrowing function" was performed by the jury at the guilt phase when it found defendant guilty of three counts of murder under the provision that "the offender has a specific intent to kill or to inflict great bodily harm upon more than one person." The fact that the sentencing jury is also

required to find the existence of an aggravating circumstance in addition is no part of the constitutionally required narrowing process, and so the fact that the aggravating circumstance duplicated one of the elements of the crime does not make this sentence constitutionally infirm. There is no question but that the Louisiana scheme narrows the class of death-eligible murderers and then at the sentencing phase allows for the consideration of mitigating circumstances and the exercise of discretion. The Constitution requires no more.

*Id*. at 246

The Sixth Circuit has noted that "[t]he exact same thing can be said of the Tennessee scheme." *Coe v. Bell*, 161 F.3d 320, 350 (6th Cir. 1998) (citing *Lowenfield* and allowing felony murder to be used as an aggravating circumstance as well as the basis for the underlying murder conviction). In this case, the jury found petitioner guilty of first degree murder based upon proof that the victim was murdered in an effort to obtain life insurance benefits. The fact that the jury also found as an aggravating circumstance that petitioner employed another to commit the murder for remuneration does not render the death sentence invalid.

### C. Mills Claim / Unconstitutional Jury Instructions

This court previously considered and rejected this claim on the merits:

> Petitioner claims that the trial court erroneously instructed the jury to agree unanimously on the existence of a mitigating circumstance and life sentence. In *Mills v. Maryland*, 486 U.S. 367 (1988), the United States Supreme Court found that under the Maryland death penalty statute, the trial judge's charge and the verdict form, the jury could have believed that the death sentence was mandatory if it had unanimously found an aggravating circumstance, but it could not unanimously agree on the existence of any particular mitigating circumstance. The *Mills* Court found the particular instruction unconstitutional.

9

Petitioner raised this issue on direct appeal to the Tennessee Supreme Court which stated as follows:

> Finally, Hutchison insists that the instructions may have led the jury to believe that it would have to agree unanimously that a mitigating circumstance existed before considering it. We considered and rejected this argument in *State v. Bates*, 804 S.W.2d 868, 882-883 (Tenn. 1991), *cert. denied*, 502 U.S. 841 (1991); *State v. Thompson*, 768 S.W.2d 239, 250-251 (Tenn. 1989), *cert. denied*, 497 U.S. 1031 (1990).

898 S.W.2d at 175.

This Court has reviewed the instructions given to the jury in petitioner's case and finds that they are not constitutionally infirm. In *Mills*, the jury was required to agree unanimously that a particular mitigating circumstance existed; however, in petitioner's case, unanimity was required only for a finding that no mitigating circumstances outweighed the statutory aggravating circumstances in order for the death penalty to be imposed. "If you unanimously determine that at least one statutory circumstance has been proved by the State beyond a reasonable doubt, and said circumstances outweighs any mitigating circumstance or circumstances, beyond a reasonable doubt, the sentence shall be death. The jury shall state in writing the statutory aggravating circumstance outweighs the mitigating circumstance or circumstances so found and beyond a reasonable doubt." (Addendum 3, Vol. 18, p. 2179-2180).

Accordingly, the state court's decision was neither contrary to nor an unreasonable application of clearly established federal law as determined by the Supreme Court.

[Court File No. 56, Memorandum Opinion, pp. 87-88].

Petitioner now claims that new controlling authority from the Sixth Circuit requires this court to revisit this claim and refers to *Davis v. Mitchell*, 318 F.3d 682, 689 (6th Cir. 2003). This court agrees with the respondent that this is not a Rule 60(b) claim but rather a habeas corpus claim in that "it attacks the federal court's previous resolution of a claim *on*

10

*the merits.*" *Gonzalez v. Crosby*, 545 U.S. at 532 (emphasis in original). Accordingly, this court cannot consider the claim absent permission from the Sixth Circuit.

III. Conclusion

Respondent's motion to ascertain status will be **GRANTED** to the extent the petitioner's motion for relief from judgment will be **DENIED** and this action will be **DISMISSED**.

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
